■ Thomas Nelson et al., Appellants, v Bryant Park Hotel et al., Defendants, and Arch Aluminum & Glass Co., Inc., Respondent. (And a Third-Party Action.) [810 NYS2d 178]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered November 23, 2004, which, to the extent appealed from as limited by plaintiffs' brief, granted the motion of defendant Arch Aluminum & Glass Co., Inc. (Arch) for summary judgment dismissing the complaint and all cross claims against it, unanimously reversed, on the law, without costs, and the complaint and all cross claims reinstated.

According to the complaint, plaintiff Thomas Nelson, while staying at defendant hotel, sustained injuries when, as he pushed the handle to the glass shower stall door in his room, the door shattered, cutting him. Defendant Arch manufactured the glass used in the shower door. The affidavits of plaintiffs' expert raised a triable issue as to whether there was some defect

in the glass attributable to Arch. Plaintiffs' expert Stanley Fein concluded that the shower glass was not properly tempered, was not safety glass, and did not contain proper safety glazing. Fein's conclusions were based upon his analysis of the glass specifications provided by Arch, the deposition transcripts and the photographs of plaintiff's injuries. Fein also contended that if the glass was properly tempered it would have "diced" or broken into small block-like pieces. Plaintiff's affidavit corroborated the fact that the glass did not "dice" but rather shattered into shards which caused his injuries. The record of plaintiff's medical treatment and the photographs of his cuts lend support to the claim that the glass failed to "dice." We do not find that plaintiff's affidavit contradicts his deposition testimony, and it should have been considered by the motion court as further evidence tending to create an issue of fact (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38 [2003]). Concur— Mazzarelli, J.P., Marlow, Williams, Sweeny and Catterson, JJ.